

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS
### April 1, 1947

PRICE DANIEL
ATTORNEY GENERAL

Brigadier General Arthur B. Knickerbocker
The Adjutant General of Texas
Capitol Station
Austin, Texas

Dear Sir:                    Opinion No. V-116

                    Re:    Legality of disposition
                           of certain National Guard
                           "Unit Property."

          Reference is made to your letter of March 13, 1947, and the attached Report of Proceedings of Board of Officers relative to the disposition of certain property designated "unit" or "company" property, which belonged to former Texas National Guard Units.

          Although the recommendations of the Board of Officers, above referred to, contained on pages 6 and 7 of said report, and specifically listed as recommendations 1 through 7, inclusive, only indicate that it is planned to return the property to the regimental, division artillery, or wing commander, for distribution to the units under his command, we have been informed by your executive officer, Colonel Martin, that it is the intention and plan in each instance for the regimental, division artillery, or wing commander to return the property to the unit originally owning such property, in instances where such unit or units had been included in the reorganized Texas National Guard. In instances where units have not been included in the reorganized Texas National Guard, the property previously belonging to such units will be distributed by the appropriate commander on an equitable basis to the newly organized unit or units which have been designated as reconstituting or replacing the old, now non-existent, Texas National Guard Units.

          The eighth recommendation regarding unit property, involves unit property belonging to the 56th Cavalry Brigade Units, which it is proposed will be turned over to

representatives designated by the Adjutant General, for sale and the funds therefrom deposited with the Adjutant General and held in trust by him for the commanding officer of the 56th Cavalry Group, Mechanized, which has not yet been organized.

Acts of the 48th Legislature, 1943, Ch. 261, page 388, appropriated the sum of $8,000.00 for use by the Texas National Guard Armory Board to cover expenses of moving the unit property here involved to Camp Mabry, Austin, Texas, for storage. Section 3 of said Act authorized the Adjutant General to assist the National Guard Armory Board in the work of moving the unit property involved and also provided that it should be the responsibility of the Adjutant General to store said property at Camp Mabry.

It is also important to note that Section 2 of the above referred to Act contemplates that the unit property involved would be returned to the units of the Texas National Guard at the time said units were released from Federal service. We quote a portion of said Section 2:

". . . but such property shall be so turned over in trust for the use and benefit of the unit to which it pertains under an agreement of the recipient to deliver the property to such unit after it has been released from Federal service on the demand of such unit or of the Adjutant General in behalf of such unit in as good condition as when received, wear and tear incident to reasonable use, damage by the elements or fire, and loss or damage not caused by gross carelessness excepted." (Emphasis ours)

It is our opinion, therefore, that the Adjutant General is authorized to return the unit property here involved to its original owners wherever possible, and in instances where the original unit owners are not included in the reorganized Texas National Guard, the only practicable thing to do is to distribute the unit property of such non-existent units to the newly formed units which have been designated as reconstituting or replacing the old units.

With reference to recommendation number eight,
regarding the sale of 56th Cavalry Brigade property, we
find no authority in the statutes setting forth the powers and
duties of the Adjutant General, which would authorize the Ad-
jutant General to designate a representative of the 56th Cav-
alry Brigade for purposes of selling the unit property belong-
ing to said organization. It is our opinion that the Adjutant
General is without power wither to sell or authorize anyone to
sell such unit property.

## SUMMARY

The Adjutant General is authorized
to return Texas National Guard unit property
to the units owning such property in instances
where such units are included in the reorgan-
ized Texas National Guard, and in instances
where units are not included in the reorganized
Texas National Guard, to distribute such unit
property to the unit or units in the reorgan-
ized National Guard which reconstitute or re-
place the non-existent units.

The Adjutant General is not authorized
to designate any representative or representa-
tives of any non-existent unit for the purpose
of selling unit property and holding the pro-
ceeds from said sale in trust for a future or-
ganization.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      /s/ Charles E. Pratt

Charles E. Pratt
Assistant

CKP:bt:WB

APPROVED APR 1, 1947

Price Daniel

ATTORNEY GENERAL OF TEXAS